UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
BRANDON K. GRANT,                                :
                                                 :
                Plaintiff,                       :
                                                 :
   - against -                                   :         09 Civ. 10324 (PAC)
                                                 :
MR. QUINONES, Warden of Otis Bantum              :         ORDER ADOPTING R&R
Correctional Center, et al.,                     :
                                                 :
                Defendants.                      :
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 3, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

>Brandon K. Grant ("Grant") instituted this pro se, 42 U.S.C. § 1983 action against the Warden of Otis Bantum Correctional Center, the Commissioner of the Department of Corrections, the Commissioner of the New York City Department of Corrections, and a correctional officer at the Department of Corrections (collectively "Defendants") on December 21, 2009.  On January 4, 2010, the matter was referred to Magistrate Judge Maas for all pretrial matters and dispositive motions.  On December 17, 2010, Magistrate Judge Maas issued a Report and Recommendation ("R&R") recommending dismissal of Grant's complaint without prejudice for failure to effect service within the timeframe specified under Federal Rule of Civil Procedure 4(m).

>This Court has reviewed the R&R in its entirety.  For the reasons that follow, the Court adopts Magistrate Judge Maas's Report and Recommendation.  Grant's case is, therefore, DISMISSED without prejudice.

## BACKGROUND[1]

On December 21, 2009, Grant filed a <u>pro se</u> 1983 complaint alleging that he was unlawfully strip searched at Rikers Island. Grant failed to effect service through the Marshal's Service or file proof of service by April 21, 2010, or 120 days after filing his complaint, as required by Federal Rule of Civil Procedure 4(m). Although the Pro Se Office attempted to mail a Rule 4 service package to Grant on January 27, 2010, (Docket No. 3), this package was returned as undeliverable on February 8, 2010. (Docket No. 4.) Accordingly, Magistrate Judge Maas issued an order ("Order") on August 25, 2010 directing the Pro Se Office to issue and mail a supplemental summons to Grant's current address. The Order directed Grant to serve the supplemental summons and complaint on the Defendants by October 27, 2010 and cautioned that Grant's failure to do so (or show good cause why service has not been effected by October 27, 2010) would result in a recommendation that this Court dismiss the complaint pursuant to Federal Rules of Civil Procedure 4(m). (August 25, 2010 Order 1-2.) A return receipt indicated that a copy of the Order was successfully delivered to Grant. (R&R 1.)

On December 17, 2010, Magistrate Judge Maas issued an R&R and noted that Grant had not complied with the Order. Magistrate Judge Maas recommended that Grant's case be dismissed without prejudice. (<u>Id.</u> at 1-2.) Written objections to the R&R were due within 14 days pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. No objections were filed and no requests for extensions of time to file objections were received.

## DISCUSSION

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely

---

[1] Facts are taken from the R&R unless otherwise noted.

objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Grant had two opportunities to effect service, but failed to do so on both occasions. Magistrate Judge Maas found that Grant failed to effect service through the Marshal's Service "despite clear instructions to do so." Nor did Grant show good cause for failing to comply with the August 25, 2010 Order. (R&R 2.) As a result, Magistrate Judge Maas recommended that the complaint should be dismissed without prejudice.

Having considered Magistrate Judge Maas's Report and Recommendation and finding no clear error in its analysis, Grant's complaint is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Maas's R&R in its entirety. Grant's complaint is, therefore, dismissed without prejudice. The Clerk of Court is directed to enter judgment and close this case.

Pursuant to 28 U.S.C § 1915(a), this Court finds that any appeal from this order would not be taken in good faith.

Dated: New York, New York
       October 3, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Brandon K. Grant
c/o Edith Bryant
726 Franklin Avenue
Brooklyn, NY 11238

4